IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE GORDON, | No. C-08-3964 TEH (PR) |
|     Plaintiff, | |
|     v. | |
| GREGORY J. AHERN, SHERIFF, et. al., | ORDER OF SERVICE AND INSTRUCTIONS TO THE CLERK |
|     Defendants. | |

On August 19, 2008, Plaintiff, a prisoner housed at the Santa Rita Jail (Alameda County) in Dublin, California, filed a pro se Complaint under 42 U.S.C. § 1983 alleging that beginning on or around July 5, 2008, certain Santa Rita Jail officials committed various acts that violated his constitutional rights. Doc. # 1. Specifically, Plaintiff alleges certain Santa Rita Jail officials were deliberately indifferent to his serious medical needs by denying him the use of a wheelchair for which he had prior approval from jail medical officials. See Doc. # 1, Ex. E & M. Plaintiff further alleges that as a result of being deprived of his wheelchair, he experienced pain and sustained injuries that were

left untreated.

On September 5, 2008, Plaintiff filed a First Amended Complaint in which he alleges that on or around May 21, 2008, different Santa Rita Jail officials than those named in the original Complaint denied him access to legal materials in violation of his constitutional rights.  Doc. # 4.

On October 20, 2008, Plaintiff filed a Second Amended Complaint (SAC) in which he alleges that different Santa Rita Jail officials than those named in either of the two previously filed Complaints committed acts that violated his constitutional rights. Doc. # 5.  The allegations contained in the SAC include: (1) an incident in April 2008 where Plaintiff alleges he was shot in the eye with a rubber band by a Santa Rita jail official; (2) an incident in June 2008 where Plaintiff alleges his handcuffs were too tight and caused him pain; and (3) an incident in August 2008 where Plaintiff alleges he was denied access to his medical records.

II

Persons may be joined in one action as defendants so long as:  (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action.  See Fed. R. Civ. P. 20(a)(2).

Here, Plaintiff's original Complaint contains allegations of deliberate indifference to his serious medical needs pertaining

2

1  to a series of events beginning on or around July 5, 2008 when he
2  was denied the use of his medically approved wheelchair.
3  Plaintiff's First and Second Amended Complaints, however, are
4  completely unrelated to these allegations and instead allege a
5  series of separate constitutional violations committed by various
6  individuals acting independently.
7       Under these circumstances, the Court will treat
8  Plaintiff's original Complaint as the operative one, and DISMISS
9  WITHOUT PREJUDICE Plaintiff's First and Second Amended Complaints
10 subject to him refiling separate actions for each unrelated
11 incident.  Should Plaintiff choose to refile, he may only allege
12 claims that (a) arise out of the same transaction, occurrence, or
13 series of transactions or occurrences and (b) present questions of
14 law or fact common to all defendants named therein.  See Fed. R.
15 Civ. P. 20(a)(2).
16
17                              III
18      Federal courts must engage in a preliminary screening of
19 cases in which prisoners seek redress from a governmental entity or
20 officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
21 The court must identify cognizable claims or dismiss the complaint,
22 or any portion of the complaint, if the complaint "is frivolous,
23 malicious, or fails to state a claim upon which relief may be
24 granted," or "seeks monetary relief from a defendant who is immune
25 from such relief."  Id. § 1915A(b).  Pleadings filed by pro se
26 litigants, however, must be liberally construed.  Balistreri v.
27
28                              3

1 Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

2 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### A

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 US 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### B

In his original Complaint filed on August 19, 2008, Plaintiff alleges that Santa Rita Jail officials were deliberately indifferent to his serious medical needs by denying him the use of a wheelchair for which he had prior approval from jail medical

4

officials. Plaintiff further alleges that because he did not have access to his wheelchair, he experienced pain and sustained injuries that went untreated. Liberally construed, these allegations appear to state a cognizable § 1983 claim for deliberate indifference to Plaintiff's serious medical needs, and Santa Rita Jail Physician's Assistant Vila, Medical Administrator D. Orr, and Deputy D. Kyes will be served.

## IV

For the foregoing reasons and for good cause shown:

1. Plaintiff's First and Second Amended Complaints are **DISMISSED WITHOUT PREJUDICE** subject to Plaintiff refiling each unrelated claim against unrelated defendants as a separate action. Plaintiff is advised that if he chooses to refile, he may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. See Fed. R. Civ. P. 20(a)(2).

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the original Complaint in this matter filed on August 19, 2008, all attachments thereto, and copies of this order on Santa Rita Jail Physician's Assistant Vila, Medical Administrator D. Orr, and Deputy D. Kyes. All other parties named as Defendants are DISMISSED. The Clerk also shall serve a copy of this Order on Plaintiff.

3. In order to expedite the resolution of this case, the

Court orders as follows:

      a.  No later than 90 days from the date of this Order, Defendants shall file a Motion for Summary Judgment or other dispositive motion.  A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date his motion is due.  All papers filed with the court shall be served promptly on Plaintiff.

      b.  Plaintiff's Opposition to the dispositive motion shall be filed with the court and served upon Defendants no later than 30 days after Defendants serve Plaintiff with the motion.

      c.  Plaintiff is advised that a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in

6

declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff also is advised that a Motion to Dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendant in his Motion to Dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d.   Defendants shall file a reply brief within 15 days of the date on which Plaintiff serves them with the opposition.

e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

5.   All communications by Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has

1 | been designated, by mailing a true copy of the document to
2 | Defendants or Defendants' counsel.
3 |         6.    It is Plaintiff's responsibility to prosecute this
4 | case.  Plaintiff must keep the Court and all parties informed of any
5 | change of address and must comply with the Court's orders in a
6 | timely fashion.  Failure to do so may result in the dismissal of
7 | this action pursuant to Federal Rule of Civil Procedure 41(b).
8 |
9 |         IT IS SO ORDERED.
10 |
11 | DATED    04/10/09                    _____
12 |                                      THELTON E. HENDERSON
                                          United States District Judge

G:\PRO-SE\TEH\CR.08\Gordon-08-3964-order of service.wpd

8